**FEDERAL DEPOSIT INSURANCE CORPORATION, Plaintiff,**

v.

**Abelardo MORUA, individually and d/b/a Yuni Handbags Co., Morua Investment Corp., Consorcio de Industrias Nacionales S.A., Nainsa, Inc., Jeanne Morua and Baktra & Y.P. Morua Corp., Defendants.**

No. 88 Civ. 4491 (RPP).

United States District Court, S.D. New York.

Aug. 30, 1991.

Ira L. Hyams, P.C. by Ira L. Hyams, Jericho, N.Y., for plaintiff.

Underweiser & Underweiser by Jay H. Landau, New York City, for defendants.

## OPINION AND ORDER

ROBERT P. PATTERSON, Jr., District Judge.

Plaintiff Federal Deposit Insurance Corporation ("FDIC") moves pursuant to Rule 56 of the Federal Rules of Civil Procedure for summary judgment against defendant Abelardo Morua ("Morua"), individually, and doing business as Yuni Handbags Co., on the first through ninth and fourteenth and sixteenth causes of action, and for default judgment against defendants Morua Investment Corp., Consorcio de Industrias Nacionales, S.A. and Nainsa, Inc.

The defendants Morua Investment Corp., Consorcio de Industrias Nacionales, S.A., and Nainsa, Inc. have defaulted and, accordingly, plaintiff's motion for default judgment against those defendants is granted.

## BACKGROUND

The first through sixth causes of action are brought upon six Promissory Notes all dated April 14, 1981 made by Morua Investment Corp. and endorsed and guaranteed by Morua. The seventh and eighth causes of action are brought upon two Promissory Notes made by Morua d/b/a Yuni Handbags Co., one of which was also endorsed and guaranteed by Morua, individually. The ninth cause of action is brought upon a Promissory Note made by Consorcio de Industrias Nacionales, S.A. and endorsed and guaranteed by Morua, individually. The fourteenth and sixteenth causes of action are brought upon six Promissory Notes made by Nainsa, Inc. and guaranteed by Morua (the note in the fourteenth cause of action was also endorsed by Morua, individually).

The principal notes at issue (hereinafter, the "Notes"), are in default. Their principal amounts total $473,702.54. The Notes are payable to Pan American National Bank ("Pan American"), a national banking association which became insolvent in 1983. Thereafter, the Notes were purchased from the receiver of Pan American by the FDIC in its corporate capacity.

The defendants Morua, individually, and d/b/a Yuni Handbag Co., Jeanne Morua and Baktra & Y.P. Morua Corp. have answered and pleaded six defenses, the first, second and fourth of which are interrelated. The first defense asserts that the loans for which the Notes were transferred to Pan American were used in fraudulent transactions by the bank's president, Luis Perez Vega ("Perez Vega"), for his own

benefit. The fourth defense reasserts that the Notes were criminally used by Perez Vega and the second defense alleges that there was no consideration for the Notes, apparently because Perez Vega used the proceeds for his own purposes.

The third defense asserts that defendants are entitled to a full accounting of the assets acquired by FDIC from Pan American and to appropriate offsets. The fifth defense asserts that plaintiff cannot select its source of recovery and recover twice. The sixth defense asserts that Perez Vega took over the defendant's business and that defendant Morua has suffered damages as a result.

In their answering papers and at oral argument, counsel for the defendant Morua made clear that the essence of his defense was that in 1981 Morua had provided Perez Vega with a series of blank Promissory Notes which Morua had endorsed, that Perez Vega completed the notes and misused them to misappropriate funds of Pan American National Bank for his own purposes, that Perez Vega has pleaded guilty to crimes involving the Notes which he committed as President of Pan American; that Morua was a government witness in that investigation, and received immunity from prosecution for both civil and criminal claims relating to transactions that form the subject matter of this action. Morua provides no explanation of his purpose in endorsing the Notes in blank.

Although Morua states in his affidavit in opposition that he did not receive any of the proceeds of the Notes for his own use, defendant acknowledges that he executed and endorsed the Promissory Notes in causes of action one through six all related to Morua Investment Corp., and that those Notes were completed by Perez Vega, albeit without Morua's knowledge and consent, to renew earlier Promissory Notes representing loans to that corporation.

With respect to the seventh and eighth causes of action, Morua makes the same claim that one of the Notes was completed by Perez Vega without his knowledge and points out that the FDIC's own investigation showed that the Note was a replacement for two Notes, one of which was for a loan to Louis Rosario, a party unrelated to Morua or Yuni Handbags. Thus he argues there is corroboration of his claim that he did not receive consideration for the Notes.

With respect to the ninth cause of action and the Note relating to Consorcio de Industrias Nacionales, S.A. (which bears the same date as the Notes in the other claims, April 14, 1981), Morua points out it likewise was utilized by Perez Vega to renew a note issued November 5, 1990 which he claims contains an alleged forgery of Morua's signature. The April 14, 1981 Note is not claimed to contain a forged endorsement of Morua's signature.

With respect to the fourteenth and sixteenth causes of action, Mr. Morua admits he executed an undated guarantee of Nainsa, Inc.'s obligations and endorsed a note of Nainsa to Pan American dated April 14, 1981, but states he received no benefit and had no relationship to Nainsa. Plaintiff responds that Morua does not deny his signature on the guaranty of Nainsa's obligations and proffers a signature card of Nainsa signed by Morua. It also points out that in Morua's answer to the complaint, Morua describes Nainsa as "Morua's troubled gravel mine company."

## DISCUSSION

Summary judgment may be granted where the papers submitted in support of the motion "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). "The movant ... has the initial burden of establishing that there is an absence of any genuine issue of material fact." *Thompson v. Gjivoje*, 896 F.2d 716, 720 (2d Cir. 1990). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The Court must view the facts in the light most favorable to the non-moving party. *Meiri v. Dacon*, 759 F.2d 989, 997 (2d Cir.1985), *cert. denied*, 474 U.S. 829, 106 S.Ct. 91, 88 L.Ed.2d 74 (1985).

■ Morua's first, second and fourth defenses boil down to a claim that Perez Vega stole from Pan American the money represented by the Notes sued on and that he, Morua, received no benefit from the Notes he endorsed in blank or the guarantee of Nainsa Notes with which he provided the bank. This claim is not a defense to an action brought by the FDIC in its corporate capacity pursuant to 12 U.S.C. § 1823(e), which codified in part the Supreme Court's holding in *D'Oench, Duhme & Co. v. Federal Deposit Ins. Corp.*, 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942) (defense of unrecorded agreement of no liability for defendant maker of note not viable as permitting fraud on bank examiners and FDIC). *Federal Deposit Ins. Corp. v. Armstrong*, 784 F.2d 741 (6th Cir.1986); *cf. Federal Deposit Ins. Corp. v. McClanahan*, 795 F.2d 512 (5th Cir.1986) (same rule applies to FDIC collection on notes endorsed in blank, when FDIC acts as receiver). Morua's claim that his endorsement of Notes payable to Pan American was misused by Perez Vega does not explain why he endorsed the Notes in the first place. By endorsing Notes payable to a national bank in blank, Morua either authorized Perez Vega to use the Notes in a specific fashion pursuant to an agreement or provided his endorsement without any limitation or understanding. In either case the law holds that he is liable as an endorsee. If an unrecorded side agreement existed, the provisions of 12 U.S.C. § 1823(e) apply. If Morua provided the endorsement without any understanding limiting their use or validity, he is deemed to have consented to the Notes being used in any manner whatsoever. If the law were otherwise, the fiscal soundness of banks could not be readily determined by state and federal authorities, including the FDIC. *Langley v. Federal Deposit Ins. Corp.*, 484 U.S. 86, 108 S.Ct. 396, 98 L.Ed.2d 340 (1987). A secret agreement, or additional conditions which do not appear in the documents, would tend to deceive banking authorities. *D'Oench, Duhme & Co., supra*, 315 U.S., at 460, 62 S.Ct. at 680.

■ Defendant argues that Perez Vega's actions constituted fraud in the factum and that such a defense may be raised in suits by the FDIC under 12 U.S.C. § 1823(e). *Langley, supra*, 484 U.S. at 93, 108 S.Ct. at 402. But here there is no evidence of fraud in factum set forth by Morua. Perez Vega's acts of fraud came after Morua had endorsed the Notes, knowing these were Notes payable to a bank. Morua makes no showing whatsoever that the endorsement of any Notes was procured by fraud in factum, or that the guarantee of Nainsa's obligations was procured by fraud in factum. Accordingly, Morua's argument fails.

■ Morua's claim that upon his request for the return of the Notes, Perez Vega told him they had been destroyed is likewise irrelevant. It remains the fact that Morua had endorsed blank Notes payable to Pan American, a national bank, and any fraud alleged by Morua to have been committed against him or the Bank with respect to those Notes or the guarantee occurred after Morua had delivered the endorsed Notes and guarantee to Perez Vega.

■ Morua's third defense, which seeks an accounting by the FDIC, is similarly not maintainable because the FDIC is suing in its corporate capacity and not as a receiver. Actions against the FDIC as receiver must be brought in the district where the failed bank did business, 12 U.S.C. § 94. Accordingly the third and sixth defenses are not maintainable and are hereby dismissed. *Radzanower v. Touche Ross & Co.*, 426 U.S. 148, 96 S.Ct. 1989, 48 L.Ed.2d 540 (1976); *Federal Deposit Ins. Corp. v. Hartford Ins. Co.*, 877 F.2d 590 (7th Cir. 1989), *cert. denied sub nom., American Ins. Co. v. United States*, 493 U.S. 1056, 110 S.Ct. 865, 107 L.Ed.2d 948 (1990). With respect to the damages collectible on the Notes or guarantees, Morua is entitled to an offset for any collections made on the interest and principal due thereunder. The FDIC has provided an accounting of said collections by itself and by Pan American in the form of the moving affidavit of Warren H. Klempt, Jr., the FDIC's liquidation assistant, which shows no double

collection. Since defendants have had discovery and set forth no evidence to support this claim of double recovery, it is dismissed.[1]

■ Morua's final defense is that he was granted civil as well as criminal transactional immunity in connection with his activities as a witness in the grand jury in the government's successful prosecution of Perez Vega. At the Court's prodding at oral argument and thereafter, defendant provided to the Court transcripts of hearings involving Perez Vega and letters from his attorney at the time. Although it does appear that he testified pursuant to a representation by the Assistant United States Attorney, "that if further proceedings develop, I would apply for an application of immunity on your behalf to Washington, D.C." This does not appear to be a grant of immunity nor is it shown to include a grant of civil immunity as opposed to the more usual grant of criminal immunity. Accordingly, the Court finds these documents do not support the defendants' claims of any grant of immunity from civil liability. This defense therefore fails.

Plaintiff's motion for summary judgment is granted. Plaintiff is to submit a form of judgment to the judgment clerk with five days' notice to defendants, within 10 days of the entry of this opinion and order.

IT IS SO ORDERED.

---

**1.** The four counterclaims in the original answer have been repleaded as third, fourth, fifth and sixth affirmative defenses. They are not in fact affirmative defenses but are counterclaims which sound in tort and are barred by the Federal Tort Claims Act since they seek damages for allegedly unlawful acts, double recovery, fraud of Perez Vega, pursuit of fraudulent claims against defendants. 28 U.S.C. §§ 2671–79.